UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION-INDUSTRY PENSION FUND and its Trustees: ANTHONY M. PERRONE, JOHN A. WAGNER, KENNETH R. BOYD, CARL IVKA, ROBERT A. BLAIR, TIMOTHY MELIA, MILTON JONES, JON K. MCPHERSON, RICHARD D. COX, DAN DOSENBACH, JASON PARADIS, and GENEROSO DEL ROSARIO<br><br>2625 Butterfield Road, Suite 208E<br>Oakbrook, IL 60523<br><br>                Plaintiffs,<br>  v.<br><br>ALAN GORDON d/b/a COUNTY DISTRIBUTORS, INC. AND WAYBEST FOODS,<br>1510 John Fitch Blvd.<br>South Windsor, CT 06074<br><br>Serve: Alan Gordon<br>       1624 Main Street<br>       South Windsor, CT 06074<br><br>GORDON HOLDINGS, LLC,<br>1510 John Fitch Blvd.<br>P.O. Box 1236<br>South Windsor, CT 06074<br><br>Serve: Alan Gordon<br>       13 Grove Way<br>       Clinton, CT 06413<br><br>GORDON COMMODITIES, LLC,<br>1510 John Fitch Blvd.<br>P.O. Box 1236<br>South Windsor, CT 06074<br><br>Serve: Alan Gordon<br>       13 Grove Way | Case No. 1:21-cv-1585 |

1

|  |  |
|---|---|
| Clinton, CT 06413 | ) |
|  | ) |
| and | ) |
|  | ) |
| E&S MARKETING, INC. | ) |
| 1510 John Fitch Blvd. | ) |
| South Windsor, CT 06074 | ) |
|  | ) |
| Serve: Alan Gordon | ) |
|       1624 Main Street | ) |
|       South Windsor, CT 06074 | ) |
|  | ) |
| **Defendants.** | ) |
|  | ) |

## COMPLAINT

Plaintiffs, United Food and Commercial Workers International Union-Industry Pension Fund (the "Fund") and its Trustees, by counsel, hereby complain of Alan Gordon d/b/a County Distributors, Inc. and Waybest Foods, Gordon Holdings, LLC, Gordon Commodities, LLC and E&S Marketing, Inc. (collectively, the "Defendants") as follows:

### Introduction

1. This action is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq.*, and the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. § 185. Plaintiffs seek a judgment against Defendants for withdrawal liability, interest, liquidated damages, and attorneys' fees and costs incurred by the Fund, a multiemployer defined benefit pension plan, in collecting these amounts.

### Jurisdiction and Venue

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145 and Section 301 of the LMRA, 29 U.S.C. § 185.

3. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Fund is administered in this District.

**Parties**

4. The Fund is a joint labor-management pension fund established pursuant to Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and a multiemployer employee benefit plan within the meaning of Sections 3(3), 3(37), and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(3), 1002(37), and 1301(a)(3). The Fund covers employees who work primarily in the retail food and manufacturing sectors.

5. Plaintiffs Anthony M. Perrone, John A. Wagner, Kenneth R. Boyd, Carl Ivka, Robert A. Blair, Timothy Melia, Milton Jones, Jon K. McPherson, Richard D. Cox, Jason Paradis, Dan Dosenbach, and Generoso Del Rosario are Trustees of the Fund and "fiduciaries" with respect to the Fund as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and are members of the Fund's Board of Trustees, which is the "plan sponsor" within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A). The Fund is administered in Oakbrook, Illinois.

6. At all times relevant to this action prior to its dissolution, County Distributors, Inc. ("County Distributors") was an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was engaged in an industry affecting commerce, within the meaning of Sections 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12). Upon information and belief, County Distributors was a corporation organized under the laws of the State of Connecticut with a principal place of business in South Windsor, Connecticut.

7. Prior to its dissolution, County Distributors was a wholesale food distribution company that specialized in meat distribution, located at 1510 John Fitch Blvd., South Windsor, Connecticut.

8. Upon information and belief, County Distributors also conducted business under the trade name, "Waybest Foods."

9. Upon information and belief, County Distributors discontinued its food distribution operations in July 2019 and closed its doors in September 2019 but retained one employee to operate a wholesale outlet through July 2020. County Distributors was administratively dissolved on January 11, 2021.

10. Upon information and belief, after County Distributors ceased operations, Defendant Alan Gordon continued conducting business as County Distributors under the trade name, "Waybest Foods."

11. Upon information and belief, Gordon Holdings, LLC ("Gordon Holdings") is a limited liability company organized under the laws of the State of Connecticut with a principal place of business in South Windsor, Connecticut.

12. Upon information and belief, Gordon Commodities, LLC ("Gordon Commodities") is a limited liability company organized under the laws of the State of Connecticut with a principal place of business in South Windsor, Connecticut.

13. Upon information and belief, E&S Marketing, Inc. ("E&S") is a corporation organized under the laws of the State of Connecticut with a principal place of business in South Windsor, Connecticut.

**Governing Documents**

14. Prior to August 1, 2020, County Distributors employed employees who were represented for the purposes of collective bargaining by United Food and Commercial Workers International Union No. 371 ("Local 371"), a labor organization representing employees in an industry affecting interstate commerce.

15. Prior to August 1, 2020, County Distributors was bound by Collective Bargaining Agreements ("CBAs") obligating County Distributors to make monthly contributions to the Fund and submit monthly remittance reports to the Fund detailing those individuals who are covered under the Fund for purposes of accruing pension benefits.

16. Under the CBAs, County Distributors agreed to be bound by the Agreement and Declaration of Trust ("Trust Agreement") governing the Fund, and any rules and policies adopted by the Trustees thereunder. The Trust Agreement required County Distributors to submit monthly pension contributions to the Fund.

17. County Distributors was also party to an Employer Participation Agreement with the Fund ("Participation Agreement") effective July 1, 1971. The terms of the Participation Agreement obligated County Distributors to be bound by the terms and provisions of the Trust Agreement, including all amendments thereto.

**Factual Allegations**

18. Upon information and belief, prior to its dissolution, Alan Gordon was the president, director and 100% owner of County Distributors.

19. Upon information and belief, on or about August 20, 1968, County Distributors purchased the real property located at 1510 and 1518 John Fitch Blvd., South Windsor, Connecticut.

20. Upon information and belief, from 1968 until it ceased all operations on or about August 1, 2020, County Distributors was located at 1510 John Fitch Blvd., South Windsor, Connecticut.

21. On or about March 20, 2019, County Distributors requested an estimate of complete withdrawal liability from the Fund pursuant to Section 101(l) of ERISA, 29 U.S.C. § 1021(l).

Generally, withdrawal liability consists of an employer's proportionate share of a multiemployer plan's unfunded vested benefits and is assessed against an employer when it ceases to have an obligation to contribute to such plan.

22. By letter dated April 8, 2019, the Fund provided County Distributors with an estimate of withdrawal liability in the amount of $1,076,877.00 based on a complete withdrawal occurring during the previous Plan Year ending June 30, 2018. The letter further stated that the estimate did not address the actual withdrawal liability that may be assessed in the event of a withdrawal from the Fund by County Distributors.

23. By letter dated April 11, 2019, Alan Gordon, on behalf of County Distributors, requested additional information from the Fund regarding the estimate of withdrawal liability, including the circumstances that would trigger a complete withdrawal from the Fund.

24. The Fund responded to County Distributors' information request by letter dated April 19, 2019, and explained among other things that, "withdrawal liability is assessed against the employer and all other trades or businesses under common control with the employer, referred to as 'controlled group members.'"

25. On June 5, 2019, Gordon Holdings was formed and registered with the State of Connecticut. Upon information and belief, Alan Gordon is the sole member of Gordon Holdings.

26. On June 5, 2019, E&S was formed and registered with the State of Connecticut. Upon information and belief, Alan Gordon is the president and 100% owner of E&S.

27. On June 7, 2019, Gordon Commodities was formed and registered with the State of Connecticut. Upon information and belief, Alan Gordon is the sole member of Gordon Commodities.

28. Upon information and belief, County Distributors discontinued distribution operations in July 2019 and closed in September 2019, but it continued to operate a wholesale outlet located at 1510 John Fitch Blvd., South Windsor, Connecticut, with one employee and made contributions to the Fund for that one employee through July 2020.

29. Upon information and belief, prior to August 1, 2020, County Distributors dissipated all of its assets except for the real property located at 1510 and 1518 John Fitch Blvd., South Windsor, Connecticut.

30. Upon information and belief, Alan Gordon continued to operate County Distributors' wholesale outlet located at 1510 John Fitch Blvd., South Windsor, Connecticut, after July 2020 under the trade name Waybest Foods.

31. On October 26, 2020, County Distributors transferred ownership of the real property located at 1510 and 1518 John Fitch Blvd., South Windsor, Connecticut to Alan Gordon by quit-claim deed for no consideration.

32. On the same day, Alan Gordon transferred ownership of the real property located at 1510 and 1518 John Fitch Blvd., South Windsor, Connecticut to Gordon Holdings by quit-claim deed for no consideration.

33. The Fund determined that in the Plan Year ended June 30, 2021, County Distributors effected a "complete withdrawal" from the Fund, as defined in Section 4203 of ERISA, 29 U.S.C. § 1383 ("Complete Withdrawal").

34. The Fund determined that as a result of the Complete Withdrawal, County Distributors incurred withdrawal liability to the Fund in the amount of $2,350,762.00 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b) ("Complete Withdrawal Liability").

35. On or about December 29, 2020, the Fund issued a Notice and Demand for payment of withdrawal liability in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2), 1399(b)(1).

36. This Notice and Demand for payment informed County Distributors that its total withdrawal liability from the Complete Withdrawal was $2,350,762.00, payable in 80 quarterly installments of $11,216.00. The Notice and Demand stated the first quarterly payment was due on February 1, 2021. As of the date of filing, neither County Distributors nor any other trade or business under common control has paid any withdrawal liability installment payments.

37. On January 11, 2021, County Distributors was administratively dissolved.

38. By letter dated January 12, 2021, Alan Gordon contact the Fund on behalf of County Distributors and requested a waiver of the Complete Withdrawal Liability in the amount of $2,350,762.00, stating that the company no longer exists and has no assets.

39. Under the Fund's Withdrawal Liability Rules, the Fund may accelerate the occurrence of a default if there is a substantial likelihood that the Employer will be unable to satisfy its withdrawal liability obligations.

40. The Fund has determined County Distributors to be in immediate default because there is a substantial likelihood it will be unable to satisfy its withdrawal liability obligations, given that the company was administratively dissolved on January 11, 2021, requested a waiver of the Complete Withdrawal Liability on January 12, 2021, and failed to make the first withdrawal liability installment payment due on February 1, 2021. Therefore, because County Distributors is in default, the entire amount of the withdrawal liability, plus accrued interest, is due and owing under Section 4219(C)(5)(A) of ERISA, 29 U.S.C § 1399(C)(5)(a).

41. Neither County Distributors nor any other trade or business under common control requested plan sponsor review or arbitration of the withdrawal liability assessment within the time periods specified in Sections 4219(b)(2)(A) and 4221(a)(1) of ERISA, 29 U.S.C. §§ 1399(b)(2)(A) and 1401(a)(1), foreclosing any challenge to the Fund's assessment and fixing the amounts due.

### COUNT I: CLAIM FOR WITHDRAWAL LIABILITY
(against Defendant Alan Gordon d/b/a County Distributors Inc. and Waybest Foods)

42. Plaintiffs incorporate each of the foregoing paragraphs as if set forth herein.

43. ERISA Section 4301(b), 29 U.S.C. § 1451(b), provides that the failure to make withdrawal liability payments when due shall be treated as a contribution delinquency under Section 515 of ERISA, 29 U.S.C. § 1145.

44. Upon information and belief, Alan Gordon continued to operate County Distributors under the trade name "Waybest Foods" after the Complete Withdrawal and after County Distributors was administratively dissolved.

45. Specifically, upon information and belief, after August 1, 2020, Alan Gordon continued to operate a wholesale outlet under the trade name "Waybest Foods," which employed one person.

46. Additionally, after August 1, 2020, Waybest Foods continued to maintain a Facebook page that, among other things, advertised store business hours.

47. Waybest Foods also continued to maintain an active business phone number as recently as February 11, 2021.

48. Defendant Alan Gordon d/b/a County Distributors Inc. and Waybest Foods is in default within the meaning of Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), and 29 C.F.R. § 4219.33, and the entire unpaid balance of the withdrawal liability, plus interest, is now due and owing.

49. Accordingly, pursuant to ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), Defendant Alan Gordon d/b/a County Distributors Inc. and Waybest Foods is liable for withdrawal liability in the amount of $2,350,762.00; interest on the withdrawal liability at the Fund's interest rate as prescribed in Section 6621 of the Internal Revenue Code from the date of default through the date paid; liquidated damages equal to 20 percent of the withdrawal liability in the amount of at least $470,152.40 and attorneys' fees and costs incurred by the Fund in pursuing this action.

### COUNT II: CLAIM FOR CONTROLLED GROUP WITHDRAWAL LIABILITY
**(against Defendants Gordon Holdings, Gordon Commodities and E&S)**

50. Plaintiffs incorporate each of the foregoing paragraphs as if set forth herein.

51. Upon information and belief, Alan Gordon was 100% owner of County Distributors at all relevant times to this action until it was administratively dissolved on January 11, 2021.

52. Upon information and belief, from their formation in June 2019 through present, Alan Gordon was and continues to be the sole member of Gordon Holdings and Gordon Commodities.

53. Upon information and belief, from its formation in June 2019 through present, Alan Gordon was and continues to be 100% owner of E&S.

54. Accordingly, Defendants Gordon Holdings, Gordon Commodities and E&S are entities under common control with County Distributors within the meaning of Internal Revenue Code Section 414(c).

55. As trades or businesses under common control with County Distributors, Gordon Holdings, Gordon Commodities and E&S are jointly and severally liable for County Distributors' withdrawal liability under ERISA Section 4001(b)(1), 29 U.S.C. §1301(b)(1), and Internal Revenue Code Section 414(c).

56. Pursuant to Section 4219 of ERISA, 29 U.S.C. § 1399, notice of withdrawal liability assessment, default and all other notices provided under ERISA sent to one member of a controlled group constitutes notice to all trades or businesses under common control.

57. As set forth above, the Fund provided notice to County Distributors of the withdrawal liability assessment. Neither County Distributors nor any other trades or businesses in the controlled group have paid to the Fund any of the withdrawal liability due, and Gordon Holdings, Gordon Commodities and E&S are now in default.

58. ERISA Section 4301(b), 29 U.S.C. § 1451(b), provides that failure to make withdrawal liability payments when due shall be treated as a contribution delinquency under Section 515 of ERISA, 29 U.S.C. § 1145.

59. Accordingly, pursuant to ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), Gordon Holdings, Gordon Commodities and E&S are jointly and severally liable for withdrawal liability in the amount of $2,350,762.00; interest on the withdrawal liability at the Fund's interest rate as prescribed in Section 6621 of the Internal Revenue Code from the date of default through the date paid; liquidated damages equal to 20 percent of the withdrawal liability in the amount of at least $470,152.40 and attorneys' fees and costs incurred by the Fund in pursuing this action.

**Prayer for Relief**

**WHEREFORE**, Plaintiffs request the following relief:

(a) Enter judgment against all Defendants jointly and severally and in favor of Plaintiffs, pursuant to Sections 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(g)(2), for the following amounts:

(1) $2,350,762.00 in withdrawal liability;

(2) Additional interest on the withdrawal liability at the Fund's interest rate as prescribed in Section 6621 of the Internal Revenue Code of 1954, accruing from the date of default until the date paid;

(3) An amount equal to the greater of the interest on the withdrawal liability or 20 percent of the withdrawal liability, in an amount of at least $470,152.40 in liquidated damages, as required by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2); and

(4) Attorneys' fees and costs incurred by the Fund in the collection of withdrawal liability, including the attorneys' fees and costs in this action, as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2);

(b) Retain jurisdiction of this case pending compliance with its Orders; and

(c) Grant Plaintiffs such other and further relief as may be just and proper.

Dated: March 23, 2021          Respectfully submitted,

/s/ *Jeffrey S. Endick, with consent*
Jeffrey S. Endick, Esq. (Bar No. 4133661)
Christopher M. Leins, Esq. (Bar No. 997257)
Kristina F. Salamoun, Esq. (Bar No. 89157)
SLEVIN & HART, P.C.
1625 Massachusetts Avenue, NW, Suite 450
Washington, D.C. 20036
(202) 797-8700
(202) 234-8231 (facsimile)

/s/ *David Huffman-Gottschling*
Sherrie E. Voyles, Esq. (Bar No. 06242386)
David Huffman-Gottschling, Esq. (Bar No. 06269976)
JACOBS, BURNS, ORLOVE & HERNANDEZ
150 North Michigan Avenue, Suite 1000
Chicago, IL 60601
(312) 327-3444

*Counsel for Plaintiffs*

A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).

20954648v1